IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Chao Wang,

Plaintiff,

v.

yangqin*27,
yiwushiluoxin,
Capyland Direct,
Yumcute Store,
Shenzhenshichengxiangdianzi Direct,
JIMSHA,
qiongningshanghang,
HAYOXX,
Meeyius,
Vadeny Select,
Sunny Glow Goods,
Chanli shop,
LiveLyNest,
and ZLFjingpindian,

Defendants.

Case No.:

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT**

Plaintiff Chao Wang ("Plaintiff"), through counsel, brings this action against the fourteen Amazon sellers named in the caption, each of which is identified by Defendant number, seller name, seller ID, and accused ASINs in Schedule A (collectively, "Defendants"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., including §§ 106 and 501. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Each Defendant purposefully directs commercial activity toward Illinois through its identified Amazon seller account. On September 21, 2026, Amazon recorded an order for a product

sold by each of the fourteen Defendants for shipment to Plaintiff's counsel, in Vernon Hills, Illinois. Exhibit 3, pages 1–4, identifies the sellers and destination; pages 5–6 preserve Amazon's confirmation. Plaintiff's claims arise from those sales and Defendants' reproduction, distribution and public display of unauthorized copies.

3. Each Defendant controls the decision to offer the accused products for delivery into Illinois, the product content displayed through its seller account, and fulfillment of transactions attributed to that account. These contacts arise from Defendants' own commercial conduct. Plaintiff seeks relief for infringement connected with those contacts and the resulting distribution and display of unauthorized copies.

4. Venue is proper under 28 U.S.C. § 1400(a) because each Defendant may be found in this District through the Illinois-directed transactions giving rise to the copyright claims. The seller records list business countries as China. Exhibit 2, Parts 01–14, seller-information pages. For a Defendant not resident in the United States, 28 U.S.C. § 1391(c)(3) also applies.

**JOINDER**

5. Defendants are properly joined under Federal Rule of Civil Procedure 20(a)(2). Plaintiff's claims arise from the same series of transactions involving the reproduction and distribution of the accused sculptural design, and common questions of law and fact will arise concerning that design, ownership, copying, and the connected distribution conduct described below.

6. On information and belief, Defendants participate in an interconnected distribution chain involving unauthorized copies of the same sculptural work. The factual connections consist of the following, each drawn from Defendants' own Amazon offers and the resulting order records: (a) Defendants 2, 3, 4, 6, 8, 9, 11, 12, 13 and 14 each offer the accused product in at least one of the

same two standardized lengths derived from common metric sizing, a child size of approximately 75 to 80 centimeters (listed as 29.5, 30, 31 or 31.5 inches) and an adult size of approximately 116 to 122 centimeters (listed as 46, 47, 47.2 or 48 inches), and Defendant 9 expressly lists its sizes as 75 cm and 116 cm (Schedule A; [Exhibit 2, Part 09, listing page]); (b) Defendants 6, 8, 10, 11 and 13 describe the accused product using the same "Spinosaurus" skull-and-spine designation, and Defendants 11 and 13 use nearly identical listing titles for a "3D Spinosaurus Skull Mask" offered in the same 29.5-inch size (Exhibit 3, page 3); (c) thirteen of the fourteen Defendants priced the accused product within a narrow band of $25.64 to $29.99 on September 21, 2026 (Exhibit 3, pages 1–4); and (d) Amazon grouped the products ordered from Defendants 4 through 13 for delivery together in a single overnight delivery window, and the products ordered from Defendants 2 and 3 for delivery together on the next day, indicating that those Defendants stocked their copies in Amazon's United States fulfillment network (Exhibit 3, pages 2–3). These links connect the accused acts of the identified Defendants as a series of transactions.

7. The common proof includes the registered work, the particular sculptural features reproduced in the accused products, and the records connecting Defendants' offers to the distribution chain. Exhibit 4 identifies the corresponding products and copying features for each seller-product pairing; Exhibit 2 preserves the underlying marketplace evidence. Defendants' separate account identifiers remain separately identified in Schedule A.

8. Common questions include whether Plaintiff owns the asserted copyright; which sculptural features constitute original expression; whether the accused products reproduce that expression; the relationship among the identified distribution transactions; and the scope of relief necessary to halt infringement of this work. Plaintiff seeks individual determinations of liability and remedies as appropriate for each Defendant.

9. The factual relationship supporting joinder is the connected course of conduct alleged above. Plaintiff will supplement the identified relationships through discovery of account, supplier and transaction records and will address any necessary severance or grouping under Rules 20 and 21 while preserving the claims against each responsible seller.

## INTRODUCTION

10. This action concerns unauthorized commercial copies of Plaintiff's original sculpture entitled "Skeleton accessories" (the "Copyrighted Work" or "Work"), registered as VAu 1-593-425. Defendants exploit the Work through Amazon storefronts and product offers identified in Schedule A, reproducing its distinctive sculptural composition in products and displaying those copies to attract purchasers.

11. The Work combines a stylized skull with an open jaw and teeth, shaped openings and ridges, and an elongated spinal structure bordered by repeated curved ribs. The selection, proportion, contour and arrangement of those features form a unified sculptural expression. Exhibit 1 contains the certificate of registration.

12. Plaintiff seeks to stop unauthorized copying of that expression, recover the damages and attributable profits caused by the infringement, and preserve records and identifiable proceeds needed for effective relief. The requested injunction is directed to the accused copies and infringing conduct described here and in the attached evidence.

## THE PARTIES AND THE COPYRIGHTED WORK

13. Chao Wang is an individual identified in the registration certificate as the author and copyright claimant. The certificate states that he is a citizen of and domiciled in China, and lists his address as No. 8, Ping'an Road, Houzhangzhuang Village, Cizhou Town, Ci County, Handan, 056500, China.

14. Plaintiff created the Work in 2025. The certificate identifies the authorship as sculpture.

15. The United States Copyright Office issued Registration No. VAu 1-593-425 with an effective registration date of April 23, 2026 and a registration decision date of July 7, 2026. A true and correct copy of the certificate of registration is attached as Exhibit 1. The certificate names Brad Han as the certifier; it names Chao Wang as author and claimant.

16. The Work is an original sculptural work fixed in a tangible medium of expression. Its expressive contours, proportions and combination of features reflect Plaintiff's creative choices. Plaintiff owns the exclusive rights asserted here, including the rights to reproduce, prepare derivative works, distribute copies and publicly display the Work under 17 U.S.C. § 106.

17. The sculptural expression is independently identifiable as an artistic composition. Its skull, jaw, teeth, ridges, openings, ribs and spine can be perceived as sculpture apart from any wearable support or attachment mechanism. The same expressive composition can exist as a freestanding sculpture without serving a wearing, fastening or protective function.

18. Plaintiff asserts the particular original expression shown in Exhibit 1. The claim does not depend on exclusive rights in dinosaurs, skeletons, anatomical facts, ordinary ribs or teeth considered in isolation, or utilitarian fastening mechanisms. Exhibit 4 identifies the copied expressive arrangement and distinguishes functional and commonplace features in each comparison.

19. Plaintiff commercializes the Work through authorized sales on Amazon.com, the same marketplace through which Defendants offer and sell the accused products. Plaintiff's authorized products embodying the Work are offered through the Amazon seller account A12534B15KC15F, which first became available on Amazon.com on August 27, 2025. Plaintiff's product-detail pages publicly display the Work to consumers throughout the United States, including in Illinois, in the

same product category (Costumes) in which Amazon classifies Defendants' accused products and in response to the same dinosaur skeleton costume searches that return Defendants' offers.

20. Defendants had access to the Work through Amazon.com. Each Defendant is a commercial seller of dinosaur skeleton costumes on Amazon.com, and each accused offer appears in the same product category and search results in which Plaintiff's authorized listing displays the Work. On information and belief, Defendants monitor competing listings in that category, encountered Plaintiff's listing, and used it as the model for the accused products. On information and belief, each accused ASIN first became available on Amazon.com after Plaintiff's authorized listing. The similarities described in Exhibit 4 concern Plaintiff's particular expression and support an inference of copying when considered with that access evidence.

21. Independently of proof of access, the accused products are so strikingly similar to the Work that copying is the only reasonable explanation. A wearable dinosaur skeleton may be depicted in countless ways, varying the species, the shape and proportion of the skull, the number, placement and form of openings and ridges, the configuration of the jaw and teeth, the length and curvature of the spine, and the number, spacing, curvature and taper of the ribs. The Work reflects a particular combination of those choices: a rounded, stylized skull bearing longitudinal ridges and shaped lateral openings above an open, toothed jaw, joined to an elongated central spine bearing paired curved ribs that taper to a pointed end. Exhibit 1. The Work does not replicate any particular fossil specimen or anatomical model. Fourteen separate sellers, through 136 separate offers, have converged on that same combination. Exhibit 4, comparisons 001–136. That convergence is not plausibly explained by independent creation, by shared anatomical subject matter, or by the functional demands of a wearable costume, and it supports the inference that each accused product was copied from the Work, directly or through a common source.

22. Each Defendant operates or controls the seller account identified in Schedule A. Schedule A identifies fourteen seller aliases and their distinct merchant IDs, the business names reported in the seller records, and 136 specific seller-ASIN pairs. Those pairs include the ASIN-specific offers and variants actually recorded for these sellers; Plaintiff does not allege that a different seller offering the same ASIN is a Defendant.

23. The use of a shared product-detail page or an identical brand label does not erase the identity of a separate merchant account. The seller-product crosswalk preserves the association between each Defendant, its specific offer and the evidence of that offer. Plaintiff will amend party descriptions as reliable legal identities become available.

**DEFENDANTS' UNLAWFUL CONDUCT**

24. Without Plaintiff's permission, Defendants reproduce, distribute and publicly display products incorporating the Work's protected sculptural expression. Exhibit 2 contains the captured seller, listing and checkout evidence for the fourteen Defendants. Exhibit 3 contains the September 21 order records. Exhibit 4 compares the Work, as shown in Exhibit 1, with each of the 136 accused listing images.

25. The accused versions reproduce the particular combined skull-and-spine composition: shaped skull openings and ridges above a toothed jaw, joined to an elongated central spine bordered by repeated curved ribs tapering toward its end. Exhibit 4, comparisons 001–136, identifies the exact seller, ASIN and source image for each version and preserves visible differences in color, pose, skull contour and rib configuration.

26. Differences in color, scale, seller label or incidental detail do not eliminate the appropriation of the original expressive composition. The comparisons identify the similarities and

differences visible in each accused version, so that the Court can assess the actual product offered by each Defendant.

27. Defendants' product imagery displays the copied sculpture as the visual subject of their offers. The physical copies sold through those offers embody the same protected features identified in the comparisons. Plaintiff alleges reproduction and distribution of the sculptural Work itself and public display of unauthorized copies; no separate photographic copyright is asserted by this Complaint.

28. Exhibit 2 records the accused seller offers captured in the September 16, 2026 investigation, and Exhibit 3 records the later September 21 orders from all fourteen sellers.

29. Plaintiff has not authorized Defendants to reproduce, distribute or display these copies. The alleged conduct is commercial exploitation of Plaintiff's expressive design as a competing product. The copies use the expression for the same ornamental purpose for which the Work was created, rather than for criticism, commentary or another identified transformative use.

30. Plaintiff's business and licensing interests are harmed by substitution of unauthorized copies, erosion of the value of authorized distribution, and impairment of control over the Work's commercial presentation. Defendants' copies compete directly with Plaintiff's authorized products on Amazon.com, appear in the same category and search results, and are offered at prices between $25.64 and $33.66 (Exhibit 3, pages 1–4).

31. Plaintiff discovered the accused conduct in or about early September 2026 while monitoring Amazon.com search results for Plaintiff's product. Plaintiff thereafter retained counsel. Counsel's investigation captured the accused offers on September 16, 2026 (Exhibit 2), and on September 21, 2026 placed orders with all fourteen Defendants through Amazon.com for delivery

to Vernon Hills, Illinois, which Amazon accepted and confirmed (Exhibit 3). The ongoing exploitation threatens injury before an adversarial hearing.

32. The particular risk that advance notice would permit alteration of listings, concealment of evidence or dissipation of proceeds is described in counsel's Rule 65(b) certification.

**COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 AND 501)**

33. Plaintiff incorporates paragraphs 1 through 32 as though fully set forth here.

34. Plaintiff owns a valid copyright in the original sculptural expression of the Work. Registration No. VAu 1-593-425 has issued, satisfying the registration requirement to the extent 17 U.S.C. § 411(a) applies. The certificate and supporting authorship evidence establish Plaintiff's rights in the Work.

35. Defendants, without authorization, have infringed and continue to infringe Plaintiff's exclusive rights by reproducing the Work in accused products, preparing unauthorized derivative versions, distributing copies to the public by sale, and publicly displaying copies in their online offers, in violation of 17 U.S.C. §§ 106(1)–(3), (5), and 501.

36. Defendants had access to the Work through Amazon.com, as alleged in paragraphs 19 and 20, and the striking similarity alleged in paragraph 21 independently supports an inference of copying. Their products appropriate original constituent elements and the expressive arrangement of the Work, as shown by the defendant-specific comparisons. Plaintiff's claim concerns those copied features and their combination, not merely similarities inherent in depicting skeletal subject matter.

37. On information and belief, the infringement is willful. Defendants knowingly exploited copies rather than obtaining authorization.

38. Plaintiff has suffered actual damages and Defendants have realized profits attributable to the infringement. Plaintiff seeks recovery under 17 U.S.C. § 504(b), excluding any double recovery between actual damages and profits. Discovery will establish relevant revenues, deductible expenses, causal attribution and the amount recoverable against each Defendant.

39. For infringement eligible under 17 U.S.C. § 412, Plaintiff alternatively elects statutory damages at the appropriate time under § 504(c), including enhanced damages upon proof of willfulness, and seeks reasonable attorney's fees under § 505. Plaintiff does not multiply a single-work award by the number of ASINs or sales attributable to the same liable Defendant.

40. Continued infringement threatens immediate and irreparable injury to the commercial exploitation and licensing of the Work. An award based only on completed sales cannot fully restore the impaired relationships, lost opportunities and market position alleged above. Plaintiff is entitled to appropriate relief under 17 U.S.C. § 502 and Rule 65.

## PRAYER FOR RELIEF

Plaintiff requests judgment against each liable Defendant and the following relief:

A. A declaration that Defendants infringed Plaintiff's copyright in Skeleton accessories, Registration No. VAu 1-593-425, through the acts established in this action.

B. Temporary, preliminary and permanent injunctive relief prohibiting Defendants, their officers, agents, servants, employees and attorneys, and persons in active concert or participation with them who receive actual notice, from unauthorized reproduction, distribution, preparation of derivative works and public display of the identified infringing copies. The operative orders shall identify the restrained products and conduct with the specificity required by Rule 65(d).

C. Appropriate preservation of relevant seller, listing, transaction and payment records; expedited discovery to identify and serve Defendants and establish their accused conduct; and

narrowly tailored provisional protection of identifiable infringement proceeds supporting the requested accounting and profits relief.

D. An accounting and award of actual damages and Defendants' profits attributable to infringement under 17 U.S.C. § 504(b), without duplication; or, for eligible infringement and at Plaintiff's election, statutory damages under § 504(c), including up to $150,000 per work for proven willful infringement subject to § 412 and the statutory rules governing individual and joint liability.

E. Impoundment and appropriate final disposition of infringing copies and articles used to reproduce them under 17 U.S.C. § 503, upon the showing and procedures required by law.

F. Costs and reasonable attorney's fees as authorized by 17 U.S.C. §§ 412 and 505; interest to the extent permitted by law; and such other relief as the Court finds just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee (#6284603)
332 S. Michigan Ave.
Suite 900
Chicago, IL 60604
nslee@nslegal-ip.com
T: 224-360-3293

*Counsel for Plaintiff Chao Wang*

## VERIFICATION

I, Chao Wang, have read the foregoing Verified Complaint. Its factual statements within my personal knowledge are true; statements expressly made on information and belief are based on the identified investigation and records. I have reviewed the exhibits and the factual allegations supported by them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 09/28/2026, at Ci County, Handan City, Hebei Province, China

Chao Wang

Chao Wang